IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                              **CAUSE NO. 1:16CR93-LG-JCG-2**

**ANTONIO LAMAR BOGAN**

ORDER DENYING DEFENDANT'S LETTER MOTION TO
LOWER PAYMENT AMOUNT AND MOTION FOR HEARING

**BEFORE THE COURT** are the [55] Letter Motion to Lower Payment and
the [56] Motion for Hearing filed by Defendant Antonio Lamar Bogan.  After
reviewing the Motion, the record in this matter, and the applicable law, the Court
finds that both Motions should be denied.

**DISCUSSION**

Bogan pled guilty to one count of possession with intent to distribute a
controlled substance, and the Court sentenced him to serve 199 months of
imprisonment and three months of supervised release.  The Court also imposed a
$100 special assessment, and a $5000 fine.  The Court waived the requirement of
payment of interest.  While the Court ordered that payment of the fine and
assessment were to *begin immediately*, the Court ordered that payment shall be
made "in equal monthly installments of $150.00 over a period of 36 months, to
commence 30 days *after release* from imprisonment to a term of supervision."  (J. at
7, ECF No. 51) (emphasis added).

Bogan is currently housed at Manchester FCI in Kentucky, and his projected
release date is April 14, 2031.  Bogan claims that, upon placement with the Bureau

of Prisons (BOP), he signed an agreement requiring him to pay $25.00 every three months, but upon transfer to Manchester FCI, he claims he was required to sign another contract that stated he had to pay $175 per month.  He asks the Court to alter this payment schedule to require payment of $50.00 per month every three months.  He notes that his financial circumstances have changed because his father recently passed away and his mother is sick and disabled.  Bogan further asks the Court for a hearing concerning his request for amendment of the payment schedule. He has not mentioned any attempt to seek relief through the BOP's administrative remedy program.

Since the Court did not impose a payment schedule for the period of Bogan's incarceration, Bogan's Motions appear to seek modification of the BOP's Inmate Financial Responsibility Program (IFRP).  *See United States v. Tovar-Valencia*, 372 F. App'x 459, 461 (5th Cir. 2010).  The IFRP is administered by the BOP, and challenges to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration.  *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009).  Since Bogan is incarcerated at Manchester FCI, he must file any § 2241 petition in the United States District Court for the Eastern District of Kentucky.  Bogan must also exhaust all remedies with the BOP before filing a § 2241 petition.  *See United States v. Setser*, 607 F.3d 128, 133 & n.3 (5th Cir. 2010), aff'd, 566 U.S. 231 (2012).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [55] Letter Motion to Lower Payment and the [56] Motion for Hearing filed by Defendant Antonio Lamar Bogan are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of April, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE