IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CAUSE NO. 1:16CR93-LG-JCG-2**

**ANTONIO LAMAR BOGAN**

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE AND
<u>MOTION TO CORRECT SENTENCE</u>

**BEFORE THE COURT** are the [58] Motion for Compassionate Release and

[61] Motion to Correct Sentence filed by Defendant Anthony Lamar Bogan.  The

Government filed a response in opposition to the Motion for Compassionate Release.

After reviewing the submissions of the parties, the record in this matter, and the

applicable law, the Court finds that both Motions should be denied.

**BACKGROUND**

Defendant pled guilty to one count of possession with intent to distribute a

controlled substance in violation of 21 U.S.C. § 841(a)(1).  The Probation Office

prepared a Presentence Investigation Report (PSR), determining that the base

offense level was 30, and two levels were added due to Defendant's possession of a

firearm.  (PSR at 13, ECF No. 49).  Defendant did not qualify for a downward

adjustment for acceptance of responsibility because (1) he was charged with

malicious mischief for setting a fire by placing a metal object in a microwave in the

jail just prior to pleading guilty in the above-styled case, and (2) he was expected to

be charged with introducing contraband (a cellular phone) into the jail a few days

after he pled guilty in the above-styled case.  (*Id.* at 12).  The Probation Office determined that the criminal history category was V.  (*Id.* at 25).  Therefore, the guideline imprisonment range was 188 months to 235 months.  (*Id.*)  On December 22, 2017, the Court sentenced Defendant to 199 months' imprisonment and three years of supervised release.  (J., ECF No. 51).  According to the Bureau of Prisons' website, Defendant's projected release date is April 14, 2031.

## DISCUSSION

## I. MOTION FOR COMPASSIONATE RELEASE

Congress has provided that a prisoner seeking compassionate release must prove that (1) an "extraordinary and compelling reason" justifies the sentence reduction; (2) the relief sought is consistent with the Sentencing Commission's applicable policy statements; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of the requested relief. 18 U.S.C. § 3582(c)(1)(A).[1]  However, the Sentencing Commission has not issued a policy statement since the First Step Act amended § 3582 to allow prisoners, not just the BOP, to file compassionate-release motions.  *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).  Since no applicable policy statement currently exists for prisoner-filed motions, a prisoner

---

[1] Generally, exhaustion of administrative remedies is required before a defendant can file a motion for compassionate release.  18 U.S.C. § 3582(c)(1)(A)(i).  However, the Government has waived this requirement by failing to raise it.  *See United States v. McLean*, Nos. 21-40015 & 21-40017, 2022 WL 44618, at 1 (5th Cir. Jan. 5, 2022) (noting that § 3582(c)(1)(A)'s exhaustion requirement may be waived and holding that a district court abused its discretion in denying a compassionate release request for failure to exhaust administrative remedies when the government did not raise exhaustion).

who files a compassionate-release motion must show only that (1) an "extraordinary and compelling" reason for relief exists and (2) a sentence reduction would be consistent with the § 3553(a) sentencing factors. *Id.* at 392-93.

In support of his request for release, Defendant argues that his children "are on the verge of being place[d] in the custody of DHS." (Def.'s Mot., at 3, ECF No. 58). He explains that the children's mother is incarcerated, and the children are currently staying with their mother's friend, who has four children of her own. The children's maternal grandmother has passed away, and Defendant's mother is disabled.

Defendant further claims that he has maintained employment during his incarceration, and he has completed programs on parenting and other subjects. He argues that the charge for introducing a cell phone into the jail, which, in part, prevented him from receiving a reduction for acceptance of responsibility, was dismissed. On this basis, he claims that compassionate release would result in a term of imprisonment similar to what he would have been given if he had not been denied a reduction for acceptance of responsibility. He also asserts that the dismissal of the introduction of contraband charge in and of itself constitutes extraordinary and compelling circumstances justifying a reduction in sentence.

Defendant has not produced sufficient information to support his claim that he is the only available caretaker for his children. Also, it appears that the children were previously in the custody of the Mississippi Department of Human Services (DHS), based on a conversation that the Probation Office had with Defendant's

mother while preparing the PSR. (PSR at 21, ECF No. 49). Defendant's mother claimed that the children had been molested but were in a peaceful environment while in DHS custody. (*Id.*) The Government pointed this information out in its Response, but Defendant has not filed a reply containing additional information about his children's current circumstances. Instead, he filed a separate Motion asking the Court to correct his sentence, which the Court will address separately, *infra.*

Defendant's separate argument that the Court erred in failing to apply an adjustment for acceptance of responsibility is outside the scope of a § 3852(c)(1)(a) motion for compassionate release. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of a sentence.").

Finally, even if Defendant had demonstrated extraordinary and compelling circumstances, the Court finds that the Section 3553 factors — which include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the severity of the crime, to encourage respect for the law, to impose a just punishment, to discourage criminal behavior, and to protect the public — do not support a reduction in sentence. *See* 18 U.S.C. §3553(a). Defendant's sentence reflects the seriousness of the offense he committed, as well as the need for deterrence and protection of the public. Furthermore, his criminal history weighs against a reduction of his sentence. His Motion for Compassionate Release is denied.

## II.  MOTION TO CORRECT SENTENCE

The basis for Defendant's Motion to Correct Sentence is not clear, but he cites U.S.S.G. § 4A1.2.  He claims that subsection (a)(1)(4) of this Guideline has not been satisfied, "rendering him ineligible for his 3 points awarded to him without factors established (e.g., 'acceptance of responsibility')."  (Def.'s Mot. at 3, ECF No. 61).  He further states, "Defendant would like the Court to look into the matter at hand via 'state records' to possibly correct this Court's records (i.e., 'update records in archive') as 'changed circumstances' show in 'real time' presently."  (*Id.*)

Generally, a judgment of conviction that includes a sentence to imprisonment is a final judgment for all other purposes.  18 U.S.C. § 3582(b).  However, a judgment can be modified pursuant to: (1) 18 U.S.C. § 3582(c), which this Court has addressed, to the extent applicable, supra; (2) Fed. R. Crim. P. 35, which permits the Court to (a) correct a clear error in the sentence within fourteen days after sentencing or (b) modify a sentence for substantial assistance; and (3) 18 U.S.C. § 3742, which pertains to appeals.  None of these provisions authorize the Court to modify Defendant's sentence.

A Court may also modify a sentence pursuant to section 2255, which "provides the primary means of collateral attack on a federal sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing."  *Id.* However, Defendant waived his right to file a Section 2255 motion when he pled

guilty, (*see* Plea Agreement at 5, ECF No. 40), and if the present Motion were construed as a § 2255 motion, it would be untimely pursuant to 18 U.S.C. § 2255(f)(1) which provides that the one-year statute of limitations applicable to Section 2255 Motions generally begins to run from the date on which the judgment of conviction becomes final.

Even if there were statutory provisions that permitted the Court to modify Defendant's sentence, it was Defendant's burden to prove that he was entitled to acceptance of responsibility.  *See United States v. Lord*, 915 F.3d 1009, 1020 (5th Cir. 2019).  Defendant does not have a right to a reduction for acceptable of responsibility, and his misconduct at the jail outweighed his favorable conduct — pleading guilty and admitting the conduct that formed the basis of his charge.  *See* U.S.S.G. § 3E1.1 cmt. 3.  Defendant also has not submitted any proof to the Court that the contraband charge was dismissed, and he has not addressed other misconduct that justified a denial of acceptance of responsibility — setting a fire in a microwave at the jail.  Finally, the guideline cited by Defendant, U.S.S.G. § 4A1.2, pertains to computation of criminal history, not acceptance of responsibility. Therefore, for all of these reasons, Defendant's Motion to Correct Sentence is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [58] Motion for Compassionate Release and [61] Motion to Correct Sentence filed by Defendant Anthony Lamar Bogan are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE